[No. 15486.  Department One.  December 30, 1919.]

F. Z. HURD, *Respondent,* v. HENRY WYSONG *et al.,* *Appellants.*[1]

APPEAL (406)—REVIEW—DISCRETION—GRANT OF NEW TRIAL.  The granting of a new trial on all the statutory grounds rests in the discretion of the trial court, and will not be disturbed except for abuse of discretion.

NEW TRIAL (55)—ORDER—SCOPE.  In the granting of a new trial in an action on a contract to pay a fixed price per foot for the digging of a well, defended on the ground that plaintiff had guaranteed to bring in water and had breached his contract by ceasing work, it is proper to permit the plaintiff to make a further test of the well, since he would be entitled to produce new evidence; but it is error to order that plaintiff be permitted to dig the well deeper to bring in water, since he cannot change the theory of or revive the contract after the breach.

Appeal from an order of the superior court for Franklin county, Truax, J., entered April 1, 1919, granting a new trial, after a judgment in favor of defendants, dismissing an action on contract.  Modified.

*Edward A. Davis,* for appellants.

*H. B. Noland,* for respondent.

MACKINTOSH, J.—The respondent, in his complaint, alleges that he had an oral contract with the appellants for the drilling of a well upon their farm, to be paid for at the rate of $1.50 per foot to the depth of six hundred feet, and $3 per foot for any greater depth. He alleges that he drilled the well to a depth of one

[1] Reported in 186 Pac. 301.

thousand and eighty-six feet, and has not been paid in full therefor, and prays judgment for the balance due and for a lien upon appellants' property. By answer, the appellants (defendants below) admit an oral contract was made with the respondent for the drilling of the well and that he has drilled to the depth claimed, but alleges that, as a part of the contract, respondent guaranteed to furnish a well which would supply a continuous flow of water to the capacity of a two and one-half inch pump. They further allege that respondent failed to furnish such a well, and that no payments have been made on the contract, but that the amounts received by the respondent were loans. They pray for a dismissal of the respondent's action and ask that they have judgment for the amount claimed to have been loaned to the respondent. Upon trial, judgment was rendered for the appellants, dismissing the action and granting judgment as prayed for.

The respondent moved for a new trial, alleging all the statutory grounds, which motion was granted by an order which, in addition to granting a new trial, ordered that the respondent might, within forty days, make a further test of the well in question and, if he so desired, drill the well to a greater depth. The appellants, feeling aggrieved at the order, brought this appeal, and allege as error the granting of the new trial and the granting of the right to make a further test of the well, and the granting of the right to dig the well deeper.

In a case of this kind the granting of a new trial is a matter within the discretion of the court hearing the case, and its action will not be disturbed unless we can say that that discretion has been abused. In the case before us, this cannot be said, and for that reason

the action in granting the new trial will not be interfered with.

That portion of the order granting the new trial which permitted the respondent to make a further test of the well was not erroneous, for the reason that, at the rehearing of the case, the respondent would be entitled to produce such evidence as existed at that time, and he was entitled to go upon the appellants' land and make such further investigation and tests as he might deem necessary to enable him to produce on the new trial such evidence as was available in order to present fully the true situation to the court. The court, however, was in error in including in the order for a new trial permission to the respondent to drill the well deeper. The respondent had brought his action in which he was claiming that he had a contract to dig a well at a certain price per foot, and contended that the contract contained no provision as to the guarantee of a supply of water. The issue, as framed by the pleadings, was as to the existence of such a guarantee. It is not now permissible for the respondent to go again upon the property and attempt by further digging to alter both the facts and pleadings he relied upon at the trial of the original action and to present, at the retrial of the case, an action upon an entirely different theory directly contrary to the one upon which he originally sued and upon which the trial was had. If the contract was as claimed by the appellants, it was breached by the respondent's actions in ceasing work and suing for the value of the services which he performed, and it cannot now be revived by the court allowing the respondent to resume operations for the purpose of complying with a contract which heretofore he had alleged did not exist.

The order for a new trial will be affirmed, omitting from it, however, that portion which would allow the

respondent to drill the well deeper and to amend his pleadings so as to state a cause of action differing from that alleged in his complaint. The appellants will recover their costs in this court.

HOLCOMB, C. J., PARKER, MAIN, and MITCHELL, JJ., concur.